LUSK et al., Receivers, v. ELROD & STINE.

No. 10102—Opinion Filed Nov. 8, 1921.

(Syllabus.)

Appeal and Error—Review—Failure of Defendant in Error to File Brief—Reversal.

Where the defendants in error fail to file a brief and have not offered any excuse for such failure, and the plaintiff in error has filed a complete record in the Supreme Court and has served and filed a brief in compliance with the rules of the court, the Supreme Court is not required to search such record to find some theory upon which the judgment below may be sustained; and, where the brief as filed by the plaintiff in error appears to reasonably sustain his assignments of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiff in error.

Error from District Court, Comanche County; Cham Jones, Judge.

Action by the firm of Elrod & Stine against James W. Lusk et al., receivers of

the St. Louis & San Francisco Railway Company, for damages to shipment of stock. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

W. F. Evans, Kleinschmidt & Grant, and W. T. Stratton, for plaintiffs in error.

W. C. Stevens, for defendants in error.

ELTING, J. This suit was commenced in the district court of Comanche county, Oklahoma, by Elrod & Stine, a firm composed of S. A. Elrod and J. Stine, against James W. Lusk, W. C. Nixon, and W. B. Biddle as receivers of the St. Louis & San Francisco Railway Company, a corporation. Said petition was filed September 27, 1916, and was for the recovery of $300 for alleged negligent and careless handling and transportation by said receivers of a shipment of bulls; said shipment being from Howard, Kan., to Indiahoma, Okla., and on March 27, 1916.

To said petition the defendant receivers filed an answer. In addition to a general denial, they averred other matters in defense of the action of the plaintiffs. The original answer was filed May 22, 1917, and on September 11, 1918, defendants filed a supplemental answer alleging that on the 29th day of January, 1918, an order was entered in United States Circuit Court, by Judge Sanborn, Circuit Judge, finally releasing Lusk and Biddle as receivers of the St. Louis & San Francisco Ry. Company, and attached as exhibits thereto orders of the court pertaining thereto.

Said cause went to trial, and on the 13th day of September, 1918, a jury returned a verdict against the receivers in the sum of $200. Motion for a new trial was filed, and the same overruled, appeal prayed, and petition in error, supported by case-made, filed in this court July 20, 1918, in which said receivers appear as plaintiffs in error and Elrod & Stine appear as defendants in error. The plaintiffs in error, in their petition in error, set out 16 assignments of error.

The plaintiffs in error have filed a brief in support of their petition in error. The defendants in error have filed no brief in answer thereto, and have shown no cause for such failure. The following is the well-known rule invariably followed by this court in such cases:

"Where the defendants in error fail to file a brief and have not offered any excuse for such failure, and the plaintiff in error has filed a complete record in the Supreme Court and has served and filed a brief in compliance with the rules of the court, the Supreme Court is not required to search such record to find some theory upon which the judgment below may be sustained; and, where the brief filed by by the plaintiff in error appears to reasonably sustain his assignments of error, the court may reverse the case in accordance with the prayer of the petition of plaintiff in error."

If, after examining the brief of the plaintiffs in error, we find that the same reasonably sustains the assignments of error, this court may reverse and remand said cause for a new trial.

One of the main contentions of the plaintiffs in error is that at the date of judgment the plaintiffs in error were no longer receivers of the said railway company, and that the trial court had no authority to enter judgment against them, and that the trial court should have abated said suit upon the motion of the plaintiff in error for such purpose.

After an examination of brief of the plaintiffs in error we find that the contentions of the plaintiffs in error seem to be reasonably sustained by their brief.

We, therefore, reverse and remand said cause for a new trial.

HARRISON, C. J., PITCHFORD, V. C. J., and McNEILL and NICHOLSON, JJ., concur.