## McCOMB v. McHENRY.

No. 10317—Opinion Filed Jan. 10, 1922.

(Syllabus.)

**Appeal and Error—Failure to File Brief—Reversal.**

Where the defendant in error fails to file a brief and has not offered any excuse for such failure, and the plaintiff in error has filed a complete record in the Supreme Court and has served and filed a brief in compliance with the rules of the court, the Supreme Court is not required to search such record to find some theory upon which the judgment below may be sustained; and, where the brief as filed by the plaintiff in error appears reasonably to sustain his assignments of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiff in error.

Error from District Court, Osage County; R. B. Boone, Judge.

Action by F. B. McComb against T. H. McHenry to recover on two certain promissory notes amounting to approximately $600. Verdict and judgment in favor of plaintiff for $30, and plaintiff appeals. Reversed and remanded.

Peters, Holcombe & Holden, for plaintiff in error.

Hargis & Griffin, for defendant in error.

MILLER, J., This action was commenced in the district court of Osage county by F. B. McComb, as plaintiff, against T. H. McHenry, defendant, to recover on two certain promissory notes executed by McHenry. The defendant filed an answer in which he admitted the execution of the notes, and then alleged that the year the notes came due was a bad crop year; that defendant had gone broke by reason of crop failure; that he offered to turn over his crop to the plaintiff if the plaintiff would cancel the notes. He went to trial on this answer and undertook to prove an implied agreement by which the plaintiff had accepted his offer. At the close of his testimony, having failed to establish any such agreement, he asked leave of court to amend his answer, which was granted by the court. He then set up as a defense that the crop was gathered by the plaintiff and that the value of the crop was greatly in excess of the amount due on the notes, and he asked judgment against the plaintiff in the sum of $210.

The court submitted the case to the jury under the new issue raised by defendant in his answer. The jury returned a verdict in favor of the plantiff for $30. The plaintiff appealed, and appears here as plaintiff in error.

The plaintiff in error sets out ten assignments of error. He has filed his brief, and this cause has been regularly submitted. The defendant in error has not filed any brief in answer to the brief of the plaintiff in error, and has not shown any cause for such failure. A well-known rule of this court has been established in such cases, which is:

"Where the defendants in error fail to file a brief and have not offered any excuse for such failure, and the plaintiff in error has filed a complete record in the Supreme Court and has served and filed a brief in compliance with the rules of the court, the Supreme Court is not required to search such record to find some theory upon which the judgment below may be sustained; and, where the brief filed by the plaintiff in error appears reasonably to sustain his assignments of error, the court may reverse the case in accordance with the prayer of the petition of plaintiff in error." Lusk et al., Receivers, v. Elrod & Stine, 83 Okla. 13, 201 Pac. 997.

We have examined the record and the assignments of error, and we find that the contentions of the plaintiff in error seem to be reasonably sustained by his brief.

The judgment of the trial court is reversed, and said cause is remanded, with instructions to the trial court to grant a new trial.

PITCHFORD, V. C. J., and KANE, JOHNSON, and KENNAMER, JJ., concur.